## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ARRON FREDERICK LEMON,     *

                               *

Plaintiff,                   *

                               *

v                                 *       Civil Action No. ELH-15-2842

                               *

THE CIRCUIT COURT FOR HOWARD     *
  COUNTY, c/o Lenore R. Gelfman d/b/a     *
  Administrative Judge,     *
MARYLAND DEPARTMENT OF HUMAN     *
  RESOURCES, c/o Samir Malhotra, d/b/a     *
  Secretary of Human Resources,     *
MARYLAND OFFICE OF ATTORNEY     *
  GENERAL, c/o Brian E. Frosh, d/b/a     *
  Attorney General-Central Authority of     *
  Destination     *

                               *

Defendants.                 *

                              ***

## MEMORANDUM

On September 21, 2015, Arron Frederick Lemon, who is self-represented, filed a twenty-two page document captioned as a "Letter Rogatory." This prolix and disjointed filing concerns custody determinations made in a Maryland state court regarding Lemon's child. Lemon has included interrogatory requests within the body of the document.  ECF 1 at 10-19.[1]

A letter rogatory "is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 248 n. 1. (2004) (quotation omitted); *see also* 28 U.S.C. § 1782.   It does not serve as a complaint to initiate a court proceeding.  *See* F. R. Civ. P. 3 (stating that "[a] civil action is commenced by

---

[1]  Lemon may incorrectly assume a letter of rogatory is appropriate to convey interrogatories.  The assumption would be incorrect.  Further, the local rules of this court provide that discovery does not begin until the court issues a scheduling order or otherwise orders that discovery proceed, unless the parties agree.  See Local Rule 104.4 (D. Md. 2014).

filing a complaint with the court"). [2]  Lemon's nonsensical claim that his child was kidnapped by a Judge on the Circuit Court for Howard County and his vague references to the Hague Convention, the Inter-American Convention on Letters Rogatory, and the Organization of American States, does not make this matter appropriate to be raised in this court by way of a letter rogatory.  ECF 1 at 2-3.

Permitting Lemon to resubmit or cure the filing would be futile. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this court must liberally construe a pro se complaint, a plaintiff must do more than make conclusory statements to state a claim and provide sufficient factual information to put defendants on notice of their wrongdoing.  *See Ashcroft v. Igbal*, 556 U.S. 662, 677-78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic*, 550 U.S. at 555-56).  But, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in federal district court.  *See Well v. Dept of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).  A self-represented plaintiff must allege facts

---

[2]  The U.S. Department of State explains:

> Letters rogatory are the customary means of obtaining judicial assistance from overseas in the absence of a treaty or other agreement. Letters rogatory are requests from courts in one country to the courts of another country requesting the performance of an act which, if done without the sanction of the foreign court, could constitute a violation of that country's sovereignty. Letters rogatory may be used to effect service of process or to obtain evidence if permitted by the laws of the foreign country.

*See* http://travel.state.gov/content/travel/en/legal-considerations/judicial/obtainingevidence/ preparation-letters-roga.

that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The gravamen of Lemon's claims is his disagreement with state court custody rulings regarding his child. To the extent Lemon is attempting to appeal state court rulings, domestic relations cases, including child custody matters, are generally not heard in federal court because "[s]tate courts …have the experience to deal with this specific area of the law." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (noting that federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980)).  Lemon's claims plainly involve issues of family law matters litigated in state court and traditionally reserved to the state court systems, and federal courts generally abstain from hearing such matters.

Accordingly, the court will dismiss this case, without prejudice, for failure to state a cognizable claim.   A separate Order will be entered reflecting the ruling in this Memorandum.


October 2, 2015                                ___/s/_____
Date                                           Ellen L. Hollander
                                               United States District Judge